IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAAJ AMEXEM MOOR RAFA-EL, <br> Petitioner | * |
| | * |
| v. | CIVIL ACTION NO. JKB-14-1446 |
| | * |
| RICKY FOXWELL, *et al.* <br> Respondent | * |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Self-represented petitioner, Raaj Amexem Moor Rafa-El, filed the instant petition for writ of habeas corpus challenging his confinement in the Baltimore City Detention Center. ECF No. 1. Petitioner has also filed a motion for leave to proceed in pauperis (ECF No. 2) which shall be granted. For the reasons that follow, the petition will be denied without prejudice as unexhausted.

Maryland Case Judiciary Research indicates that petitioner has been charged with illegal possession of a handgun and trespass in the Circuit Court for Baltimore City. His trial is scheduled for August 12, 2014.[1]

As petitioner has previously been advised,[2] pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody and has exhausted state court remedies, and if special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be

---

[1] *See* Maryland Case Judiciary Research at http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp
[2] *See Rafa-El v. O'Malley*, Civil Action No. JKB-14-461.

resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). The alleged errors raised by petitioner in the instant case may be addressed by the trial court. Thus, the petition must be dismissed without prejudice.

A separate order follows.

_July 9, 2014_
Date

_James K. Bredar_
James K. Bredar
United States District Judge